UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim **No. 21-cr-10208-NMG** |
| ) | |
| JAMES HOLYOKE ) | |

**<u>DEFENDANT'S MOTION FOR REVIEW OF DETENTION ORDER</u>**

Now Comes the defendant, James Holyoke through counsel and pursuant to Title 18 U.S.C. § 3145(b), and respectfully requests that the Court review the detention order of the Magistrate Judge entered in this case on March 18, 2022 (See Docket #164). The defendant asks that said order be revoked and that he be released pursuant to conditions to allow him to voluntarily appear in the United States District Court in Massachusetts for future hearings in this case. The defendant proposes similar conditions below that he requested at the time of his initial detention hearing before the Magistrate Judge, specifically, that he reside at the Rockland Recovery Program, located at 92 Melville Ave., Dorchester, MA 02124, be subject to electronic monitoring, seek and obtain employment, complete a drug dependency evaluation and submit to any mental health and/or drug treatment and drug testing, as directed by probation, and any other terms of pretrial release as directed by the court. The undersigned submits that these conditions are sufficient to ensure Mr. Holyoke's appearance at his future hearings in this case that adequately address concerns of risk of flight, and obviates

any concerns that Mr. Holyoke is or could be a danger to himself or others.

**Prior Proceedings:**

After his initial appearance, arraignment and detention hearing, the Magistrate Judge entered an order of detention upon motion of the prosecution and after hearing pursuant to 18 U.S.C. § 3142(f)(1), on March 18, 2022.

**Biographical Information:**

The Pretrial Services Report provided the Court with information concerning the defendant's personal background. Mr. Holyoke is 41 years old, was born in Massachusetts and has lived there for his entire life except for a one year residence in Maine from 2018-2109. Prior to the instant case, the defendant maintained consistent, full time employment and from 2015 to 2021, he was an emergency call center supervisor with QTAS, a call center in Quincy, MA that deals with such emergency matters as suicide ideation, mental health crises, among other mental health concerns; the defendant will be rehired at QTAS if released.

He has extensive family and community ties in Massachusetts, as underscored by the *twenty-four* members of his community who appeared remotely at his detention hearing to support him.  If released, the defendant has been accepted to the Rockland Recovery Program, a sober house in Dorchester, MA where he will reside and can receive the support that he needs to maintain his sobriety.

The defendant has a documented history of compliance with court orders and supervision; as a result of his exemplary behavior, the defendant was recommended by his U.S. Probation officer for a two-year early termination of his supervised release in his prior case before this Court[1]; because of his unblemished compliance during period of supervised release, said request was approved by the court.

Notwithstanding his substance use disorder, the defendant can and has demonstrated long-term compliance with sobriety: upon his release from his sentence in his prior case, and prior to his relapse that led to his conduct in the instant case, the defendant had four years of sobriety. His criminal history appears to revolve around substance use disorder and when treated, the defendant is an engaged and contributing citizen of the Commonwealth.

The defendant's recent relapse was not without substantial and unfortunate impetus. The defendant's methamphetamine relapse that led to his alleged conduct in the instant case was occasioned by the trifecta of three tragic events: his brother's untimely death from cancer who died in his arms in hospice; his disengagement from a long-term toxic relationship with his boyfriend after he was set on fire by him, and the fentanyl overdose death of his best friend, all within a three-month period of time; coupled with the absence of the support from his therapy, occasioned by the departure of the defendant's long-time therapist from

---

[1] U.S. v. Boyd, 1:05-cr-10037-GAO

his practice, the defendant's pain and grief, unsupported and untreated, led to his relapse in the instant case.

The defendant has made substantial inroads into sobriety since his arrest and detention: the defendant has now had nine months of sobriety and will continue to have extensive support for his ongoing sobriety journey upon release.

**Argument**

In a detention hearing, the Government bears the burden to establish by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community.  See *U.S. v. Rodriguez*, 897 F.Supp. 1461, 1463 (SD Fla. 1995), citing *U.S. v. Ortega*, 760 F.2d 887 (8th Cir. 1985).  The issue at the hearing was whether releasing a defendant would pose a danger to the community that would not exist were the defendant detained, and whether the defendant is a flight risk.. Id. The defendant is not a flight risk: his co-defendants were arrested two weeks prior to his arrest; he was well aware of their arrests and had consulted with private counsel in anticipation of his expected arrest. Nonetheless, although the defendant certainly had the means and opportunity to flee, he remained in Massachusetts and continued to work

The undersigned argues that concerns of risk of flight are outweighed by the defendant's roots in the community, family ties, history of employment, and absence of violence in his past. Mr. Holyoke

is not a danger to himself or others so long as he remains sober.  There are proposed conditions of release that will address his sobriety struggle, namely significant treatment and substance abuse programming.  As previously shown, Mr. Holyoke, when in treatment, can maintain lengthy periods of sobriety.  And he has the support of Michael Cox, the Executive Director of Black and Pink Massachusetts, an organization that provides support services through advocacy, support, and organizing for LGBTQ+ people and people living with HIV/AIDS who are affected by the criminal justice system. Mr. Cox will assist in providing him with the community and social support from which he would benefit to ensure that he remains sober and obeys his terms of pretrial release. Mr. Holyoke is a good candidate for release on conditions pursuant to traditional factors enumerated in the federal bail statute.

**Suggested Conditions:**

The undersigned argues that conditions can be set to ensure the defendant's appearance at future Court events and alleviate any concern for dangerousness and/or risk of flight. The undersigned suggests the following conditions:

1.  That the defendant execute an unsecured bond in a significant amount;
2.  That the defendant be subject to electronic monitoring and a curfew during the pendency of the case and reside at the

    Rockland Recovery Program in Dorchester, MA or any other program/location as directed and approved by Probation;

3. That the defendant report in person or by telephone with the Office of Pretrial Services on a weekly basis during the pendency of this case;

4. That the defendant refrain from violating any federal or state laws;

5. That the defendant surrender his passport and that he agree to not apply for any such passport while out on release during the pendency of this case;

6. That the defendant refrain from any contact with any witness associated with the pending prosecution against him

7. That the defendant not possess a firearm or other dangerous weapon;

8. That the defendant not travel outside of Massachusetts;

9. And, any other further condition the Court believes appropriate to ensure the defendant's appearance at trial.

 Wherefore, the defendant respectfully requests that the Court review the order of the Magistrate Judge denying his release; and order that he be released from custody during the pendency of his case pursuant to the conditions referenced above and any other conditions that the Court deems appropriate. The defendant respectfully requests a hearing on this matter.

              Respectfully Submitted,
              James Holyoke
              By his counsel,

Date: 03/30/2022        /s/ Vivianne Jeruchim
              Vivianne Jeruchim, Esq.
              BBO #547598
              Jeruchim & Davenport, LLP
              50 Congress St., Suite 615
              Boston, MA  02109
              617/720-6047
              jeruchim@jdlawyers.com

## CERTIFICATE OF SERVICE

  I hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participant on March 30, 2022.

Date: 03/30/2022            /s/ Vivianne Jeruchim