United States District Court
District of Massachusetts

|  |  |  |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 21-10208-NMG |
| James Holyoke, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM & ORDER**

**GORTON, J.**

Defendant James Holyoke ("Holyoke" or "defendant") is awaiting trial subject to a detention order entered by United States Magistrate Judge Judith G. Dein. Currently before the Court is defendant's motion to reconsider that order.

I.  **Background**

On July 7, 2021, a grand jury returned a five-count indictment charging Holyoke and eight co-defendants with controlled substance and firearm offenses. Holyoke is charged with: (1) conspiracy to distribute and to possess with intent to distribute 500 grams or more of a substance containing methamphetamine, in violation of 21 U.S.C. § 846 (Count One), (2) aiding and abetting the distribution of and possession with intent to distribute 500 grams or more of a substance containing

-1-

methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(viii) and 18 U.S.C. § 2 (Count Two), and distribution of and possession with intent to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B)(viii) (Count Three).  If convicted, Holyoke faces a mandatory minimum sentence of 15 years in prison with a maximum sentence of life in prison.

On March 14, 2022, Magistrate Judge Dein held a detention hearing after which she ordered defendant detained pending trial.  In so ordering, the Magistrate Judge enumerated the following reasons for Holyoke's detention: the weight of the evidence against him, the lengthy period of incarceration he faces if convicted, his prior criminal history, his history of violence or use of weapons, and his history of alcohol or substance abuse.  Holyoke has filed a motion to reconsider that order and to place him on conditions of release.

## II. **Motion for Release from Custody**

### A. Legal Standard

Section 3142(e) of Title 18 of the United States Code provides that a judicial officer may detain a defendant pending trial if, after a hearing, the judicial officer finds that

> no condition or combination of conditions will reasonably assure the appearance of the person as

>  required and the safety of any other person and the community.

18 U.S.C. § 3142(e). The government bears the burden of demonstrating that the defendant poses a danger to the community by clear and convincing evidence or that the defendant poses a flight risk by a preponderance of the evidence. See 18 U.S.C. § 3142(e)-(f).

An individual ordered detained by a magistrate judge may file a motion in the district court with original jurisdiction over the offense seeking review of the magistrate judge's order. See 18 U.S.C. § 3145(b). The district court must engage in de novo review of the contested order. United States v. Oliveira, 238 F. Supp. 3d 165, 167 (D. Mass. 2017).

### B. Application

Defendant does not challenge the application of a presumption of detention because he is charged with a drug offense that carries a maximum term of imprisonment of ten years or more. See 18 U.S.C. § 3142(e)(3)(A). Instead, Holyoke contends that he should be released because Magistrate Judge Dein found that he had rebutted that presumption and because the government has not met its burden to establish by clear and convincing evidence that there are no conditions of release that will reasonably assure the safety of the community.

After reviewing the evidence presented at the detention hearing, this Court agrees with the Magistrate Judge that the government has met that burden.

The weight of the available evidence and the lengthy sentence Holyoke faces if convicted, in conjunction with his prior criminal history and history of substance abuse, indicate that Holyoke's risk of flight is high.  The nature and seriousness of Holyoke's alleged crimes, which stem from his alleged role in distributing large quantities of a controlled substance for a drug trafficking organization, also indicate that he would pose a risk to the community if released. Furthermore, the government has presented evidence that Holyoke engaged in such drug trafficking activities shortly after completing lengthy periods of incarceration for two prior federal drug trafficking convictions.  Defendant's purported repetitive illegal conduct weighs heavily against his release.

**ORDER**

Accordingly, defendant's motion for release from custody (Docket No. 171) is **DENIED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated April 7, 2022