

U.S. Department of Justice

**Nathaniel R. Mendell**
Acting United States Attorney
District of Massachusetts

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

November 23, 2021

Vivianne Jeruchim
Jeruchim & Davenport, LLP
50 Congress Street, Suite 615
Boston, MA 02109

      Re:    United States v. James Holyoke
                Criminal No. 21-cr-10208-NMGs

Dear Attorney Jeruchim:

      The United States Attorney for the District of Massachusetts (the "U.S. Attorney") and your client, James Holyoke ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B):

      1.    <u>Change of Plea</u>

      Defendant will plead guilty to Counts One through Seven of the Second Superseding Indictment: Conspiracy to Distribute and to Possess with Intent to Distribute 500 Grams or More of a Mixture and Substance Containing Methamphetamine, in violation of Title 21, United States Code, Section 846 (Count One); Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) (Counts Two and Four through Seven); and Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine, and Aiding and Abetting, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii), and Title 18, United States Code, Section 2 (Count Three). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

      With respect to Count One, Defendant admits that 500 grams or more of a mixture and substance containing methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to him. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to him.

1

Defendant agrees that, before Defendant committed the offenses charged in this case, Defendant had been convicted of violating Title 21, United States Code, Sections 841 and 846, distribution of and conspiracy to distribute controlled substances (*see United States v. James Holyoke*, 05-cr-10236-RLC (D. Mass.), and *United States v. James Holyoke*, 05-cr-10037-GAO (D. Mass.)), serious drug felonies, for which Defendant served a term of imprisonment of more than 12 months, and for which Defendant's release from any term of imprisonment was within 15 years of the commencement of the instant offenses. As a result of those convictions, Defendant agrees that he is subject to increased punishment under Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii) as set forth in paragraph 2 of this Agreement.

2. <u>Penalties</u>

Defendant faces the following mandatory minimum and maximum penalties on each count of the Second Superseding Indictment: incarceration for at least fifteen years and up to life; supervised release for at least ten years and up to life; a fine of up to $20,000,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Second Superseding Indictment.

3. <u>Sentencing Guidelines</u>

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 38:

    a) Defendant's base offense level is 38, because 4.5 kilograms or more of methamphetamine (actual) are attributable to Defendant (USSG § 2D1.1(c)(1));

    b) Defendant's offense level is increased by 3 levels, because Defendant was a manager or supervisor and the criminal activity involved five or more participants (USSG § 3B1.1(b)); and

    c) Defendant's offense level is decreased by 3 levels, because Defendant has accepted responsibility for Defendant's crimes (USSG § 3E1.1).

Defendant understands that the Court is not required to follow this calculation or even to sentence Defendant within the Guidelines and that Defendant may not withdraw Defendant's guilty plea if Defendant disagrees with how the Court calculates the Guidelines or with the sentence the Court imposes.

Defendant also understands that the government will object to any reduction in Defendant's sentence based on acceptance of responsibility if: (a) at sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty; or (b) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

If, after signing this Agreement, Defendant's criminal history score or Criminal History

Category is reduced, the U.S. Attorney reserves the right to seek an upward departure under the Guidelines.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

4. Sentence Recommendation

The U.S. Attorney agrees to recommend the following sentence to the Court:

   a) incarceration at the low the Guidelines sentencing range as calculated by the Court at sentencing;

   b) a fine within the Guidelines sentencing range as calculated by the Court at sentencing, unless the Court finds that Defendant is not able, and is not likely to become able, to pay a fine;

   c) one hundred twenty (120) months of supervised release;

   d) a mandatory special assessment of $700, which Defendant must pay to the Clerk of the Court by the date of sentencing; and

   e) forfeiture as set forth in Paragraph 6.

5. Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

   a) Defendant will not challenge Defendant's conviction on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

   b) Defendant will not challenge Defendant's sentence, including any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final when the Court issues a written judgment after

the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence, regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights at least partly in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

6.   <u>Forfeiture</u>

Defendant hereby waives and releases any claims Defendant may have to any vehicles, currency, or other personal property seized by the United States, or seized by any state or local law enforcement agency and turned over to the United States, during the investigation and prosecution of this case, and consents to the forfeiture of all such assets.

7.   <u>Civil Liability</u>

This Plea Agreement does not affect any civil liability, including any tax liability, Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

8.   <u>Breach of Plea Agreement</u>

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from his commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case—even if the parties had entered any earlier written or oral agreements or understandings about this issue.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

9. <u>Who is Bound by Plea Agreement</u>

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. It does not bind the Attorney General of the United States or any other federal, state, or local prosecuting authorities.

10. <u>Modifications to Plea Agreement</u>

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

\* \* \*

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below. Please also sign below as Witness. Return the original of this letter to Assistant U.S. Attorney Alathea E. Porter.

Sincerely,

NATHANIEL R. MENDELL
Acting United States Attorney

By: *(signature)*
KATHERINE FERGUON
Acting Chief, Narcotics and Money Laundering Unit
LEAH FOLEY
Deputy Chief, Narcotics and Money Laundering Unit

*(signature)*
ALATHEA E. PORTER
Assistant U.S. Attorney

5

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crime I am pleading guilty to, and the mandatory minimum and maximum penalties for that crime. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

James Holyoke
Defendant

Date: 12-3-21

I certify that James Holyoke has read this Agreement and that we have discussed what it means. I believe James Holyoke understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Vivianne Jeruchim
Attorney for Defendant

Date: 12-3-21